IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



PHILIP L. STOTTER, PH.D.,  §
    *Plaintiff,*  §
      §
v.  §
      § **SA04CA0372 OG**
THE BOARD OF REGENTS OF THE  § Civil Action No. _____
UNIVERSITY OF TEXAS AT SAN  §
ANTONIO, RICARDO ROMO and GUY  §
BAILEY,  §
    *Defendants.*  §

## NOTICE OF REMOVAL

NOW COME Defendants The Board of Regents of the University of Texas at San Antonio, Ricardo Romo, and Guy Bailey and respectfully show that:

1.    **Removal Provision:**  This removal is pursuant to 28 U.S.C. § 1441(b).  Plaintiff alleges retaliation and violation of his right to equal protection of the laws guaranteed by the United States Constitution and the Texas Constitution.

2.    **State Action:** This action was originally filed in the 45th Judicial District Court of Bexar County, Texas on February 13, 2004, in Cause No. 2004CI02295.  Plaintiff is Philip L. Stotter, Ph.D.  Defendants are The Board of Regents of The University of Texas San Antonio, Ricardo Romo, and Guy Bailey.  Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division.

3.    **Jury Demand:**  Plaintiff has requested a trial by jury within his original petition.

4.    **Removal Requirements of § 1441:** Plaintiff alleges retaliation and violation of his right to equal protection of the laws guaranteed by the United States Constitution and the

Texas Constitution. Plaintiff also seeks declaratory judgment under the Texas Declaratory Judgment Act.

5.    **Compliance with Deadline:**  The pleading which alleges violations of Plaintiff's constitutional rights was served on Defendants Board of Regents, Ricardo Como, and Guy Bailey on April 2, 2004. Defendant has thirty (30) days in which to remove. Therefore, this removal is timely and all Defendants concur with this removal action. Defendant filed an answer in state court on April 26, 2004 (copy included with state court documents).

6.    **State Court Pleadings:**    A true and correct copy of all process and pleadings served upon Defendant in the state court action is being filed with this notice as required by 28 U.S.C. § 1446(a). Also attached is Supplemental Civil Cover Sheet.

ACCORDINGLY, Defendant prays that this cause be removed to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to § 1441 of Title 28 of the United States Code.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE
Chief, General Litigation Division

PETER B. PLOTTS III
Texas Bar No. 16074100
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120; FAX:  (512) 320-0667

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served via U.S. Certified Mail, return receipt requested, on the 29th day of April, 2004, on:

Regina B. Criswell
P. O. Box 1399
Helotes, TX 78023-1399

PETER B. PLOTTS III
Assistant Attorney General

NO. 2004-CI-02295

| | | |
|---|---|---|
| PHILIP L. STOTTER, PH.D., | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | BEXAR COUNTY, TEXAS |
| THE BOARD OF REGENTS OF THE | § | |
| UNIVERSITY OF TEXAS AT SAN ANTONIO, | § | |
| RICARDO COMO, | § | 45TH JUDICIAL DISTRICT |
| and GUY BAILEY, | § | |
| *Defendants.* | | |

## INDEX OF STATE COURT PLEADINGS

1. **DOCKET SHEET**

2. **Plaintiffs' Original Petition**

3. **Service on Defendants:**
   **Board of Regents, UT San Antonio**
   **Ricardo Como**
   **Guy Bailey**

4. **Defendants' Original Answer**

5. **Defendants' Notice of Removal to Federal Court**

Case 5:04-cv-00372-OLG · Document 1 · Filed 04/30/04 · Page 5 of 28

---

## * D O C K E T   I N F O R M A T I O N *

CAUSE NUM: 2004CI02295
DATE FILED:  02/13/2004         COURT: 045        UNPAID BALANCE:         0.00
TYPE OF DOCKET: DAMAGES

### * * * S T Y L E * * *

     PHILIP STOTTER PH D
          VS BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS AT SAN

ACCOUNT TYPE:                    ACCOUNT NO:
ACCESS: 0                        STATUS: PENDING
LIST TYPE: C

### * L I T I G A N T   I N F O R M A T I O N *

| SEQ | LAST /FIRST /MIDDLE NAME | LIT. TYPE/ATTORNEY | DATE |
|---|---|---|---|
| 00001 | STOTTER PHILIP PH D | PLAINTIFF | 02/13/2004 |
|  |  | 00001 CRUSE, LEONARD A |  |
| 00002 | BOARD OF REGENTS OF THE UNIVERSITY | DEFENDANT | 02/13/2004 |
| 00003 | ROMO RICARDO | DEFENDANT | 02/13/2004 |
| 00004 | BAILEY GUY | DEFENDANT | 02/13/2004 |

### * S E R V I C E S   I N F O R M A T I O N *

| SEQ | SERVICE TYPE / DATES | DIST | LITIGANT NAME |
|---|---|---|---|
| 00001 | CITATION | 3 |  |
|  | ISS: 02/18/2004  REC:   EXE:        RET: |  |  |
| 00002 | CITATION | 3 | ROMO RICARDO |
|  | ISS: 02/18/2004  REC:   EXE:        RET: |  |  |
| 00003 | CITATION | 3 | BAILEY GUY |
|  | ISS: 02/18/2004  REC:   EXE:        RET: |  |  |
| 00004 | CITATION CERTIFIED MAIL | 150 |  |
|  | ISS: 03/26/2004  REC: 03/26/2004  EXE: 03/31/2004  RET: 04/05/2004 |  |  |
| 00005 | CITATION CERTIFIED MAIL | 150 | ROMO RICARDO |
|  | ISS: 03/26/2004  REC: 03/26/2004  EXE: 04/02/2004  RET: 04/05/2004 |  |  |
| 00006 | CITATION CERTIFIED MAIL | 150 | BAILEY GUY |
|  | ISS: 03/30/2004  REC: 03/30/2004  EXE: 04/02/2004  RET: 04/06/2004 |  |  |

### * A T T O R N E Y   I N F O R M A T I O N *

| SEQ | DATE FILED | BAR NBR. | NAME | STATUS | DATE |
|---|---|---|---|---|---|
| 00001 | 02/13/2004 | 05188000 | CRUSE, LEONARD A | SELECTED | 02/18/2004 |

### * P R O C E E D I N G   I N F O R M A T I O N *

| SEQ | DATE FILED | REEL | IMAGE | PAGE COUNT |
|---|---|---|---|---|

Case 5:04-cv-00372-OLG   Document 1   Filed 04/30/04   Page 6 of 28
JCL: SPPROD

```
                   * P R O C E E D I N G    I N F O R M A T I O N *
   SEQ      DATE FILED            REEL       IMAGE      PAGE COUNT

  00001     02/13/2004            0000       0000          0000
            DESC: PLAINTIFF'S ORIGINAL PETITION
  00002     02/13/2004            0000       0000          0000
            DESC: REQUEST FOR
                  3 CITS PPS
  00003     02/13/2004            0000       0000          0000
            DESC: SERVICE ASSIGNED TO CLERK 2

                      * T R I A L    I N F O R M A T I O N *
   SEQ      DATE FILED           COURT            SETT. DATE   TIME          ATTY


                     .* O R D E R    I N F O R M A T I O N *
   SEQ   DATE FILED  JUDGE NAME          VOLUME   PAGE   PAGE CNT   AMOUNT   SOF


                     * B O N D    I N F O R M A T I O N *
   SEQ     DATE FILED   PRINCIPAL
```

CERTIFIED MAIL #7106457512924626643

"The State of Texas"　　　　　NO.　2004-CI-02295

PHILIP STOTTER PH D
Plaintiff
vs.

BOARD OF REGENTS OF THE UNIVERSITY OF T
Defendant
( Note: Attached Document May Contain Additional Litigants. )　　**NOTICE**

APR - 1 2004

U T SYSTEM

IN THE DISTRICT COURT

45th　JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

**Citation** Directed to:　BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS AT SAN
ANTONIO

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 13th day of February , 2004 .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26th DAY OF March
A.D., 2004 .

PLAINTIFF'S ORIGINAL PETITION

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205

LEONARD A CRUSE
Attorney/PLAINTIFF
address
620 W MAIN ST 101
LEAGUE CITY, TX 77573-3777

By_____Deputy
CONSUELO GOMEZ

### OFFICER'S RETURN

Came to hand on the 26th day of March , A.D., 2004 at 10:23 o'clock A .M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., _____, by delivering to _____ a true copy of this _____ citation _____, upon which I endorsed the date of delivery, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION _____

_____
_____
_____

Cause of failure to execute this _____ is _____.

MARGARET G. MONTEMAYOR
Clerk of the District Courts of
Bexar County, Texas

By _____ Deputy
CONSUELO GOMEZ

ORIGINAL
(DK003)

CERTIFIED MAIL #7106457512924626250

"The State of Texas"          NO. 2004-CI-02295          *Original to*
                                                         *Lz Mitchell*
                                                         *4/2/04 VB*

PHILIP STOTTER PH D
Plaintiff                                    IN THE DISTRICT COURT
vs.

BOARD OF REGENTS OF THE UNIVERSITY OF T
Defendant
( Note: Attached Document May Contain Additional Litigants. )     **NOTICE**

**Citation** Directed to: RICARDO ROMO

| | |
|---|---|
| 45th Office of the District | |
| The University of Texas at San Antonio | |
| BEXAR COUNTY, TEXAS | |

APR 0 2 2004

To_____ Please advise me
To_____ Please handle
To_____ F.Y.I and file or discard

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 13th day of February , 2004 . ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 26th DAY OF March A.D., 2004 .

PLAINTIFF'S ORIGINAL PETITION

LEONARD A CRUSE
Attorney/PLAINTIFF
address
620 W MAIN ST 101
LEAGUE CITY, TX 77573-3777

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205

By_____ Deputy
       CONSUELO GOMEZ

---

OFFICER'S RETURN

Came to hand on the 26th day of March , A.D., 2004 at 8:10 o'clock A .M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., _____, by delivering to _____ a true copy of this _____citation_____, upon which I endorsed the date of delivery, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION _____
_____
_____
_____ .

Cause of failure to execute this _____ is _____ .

MARGARET G. MONTEMAYOR
Clerk of the District Courts of
Bexar County, Texas

By _____ Deputy
       CONSUELO GOMEZ

ORIGINAL
(DK003)

CERTIFIED MAIL #71064575129246266465

"The State of Texas"                    NO.   2004-CI-02295

PHILIP STOTTER PH D                              IN THE DISTRICT COURT
Plaintiff
vs.                                              45th  JUDICIAL DISTRICT

BOARD OF REGENTS OF THE UNIVERSITY OF T          BEXAR COUNTY, TEXAS
Defendant
( Note: Attached Document May Contain Additional Litigants. )    **NOTICE**

**Citation** Directed to:  GUY BAILEY

                6900 NORTH LOOP 1604 WEST
                SAN ANTONIO TX 78249-1130

"You have been sued. You may employ an attorney. If you or your attorney do not
file a written answer with the clerk who issued this citation by 10:00 a.m. on the
Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you." Said petition
was filed on the  13th  day of  February  ,  2004  .
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS  30th  DAY OF  March
A.D.,  2004  .

PLAINTIFF'S ORIGINAL PETITION

                                        MARGARET G. MONTEMAYOR
                                        District Clerk of Bexar County, Texas
                                        Bexar County Courthouse
LEONARD A CRUSE                         San Antonio, Texas 78205
Attorney/PLAINTIFF
address
620 W MAIN ST 101
LEAGUE CITY, TX 77573-3777              By:_____ Deputy
                                            CONSUELO GOMEZ

---

                    OFFICER'S RETURN

Came to hand on the  30th  day of  March  , A.D.,  2004  at  1:31  o'clock  P .M. and
EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the ____ day of _____, A.D.,
_____, by delivering to _____ a true copy of this
_____citation_____, upon which I endorsed the date of delivery, together
with the accompanying copy of the  PLAINTIFF'S ORIGINAL PETITION _____
_____
_____
_____
Cause of failure to execute this _____ is _____

                    MARGARET G. MONTEMAYOR
                    Clerk of the District Courts of
                    Bexar County, Texas

                    By _____ Deputy
                          CONSUELO GOMEZ
                                        ORIGINAL
                                        (DK003)

OFFFICE OF THE PROVOST
AND EXECUTIVE
VICE PRESIDENT

REC   APR 0 2 2004

REFER TO _____
HANDLE _____
FILE _____

CAUSE NO. 2004C102295

| | | |
|---|---|---|
| PHILIP STOTTER, PhD., | § | IN THE DISTRICT COURT |
| **Plaintiff** | § | |
| | § | 45th JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| THE BOARD OF REGENTS OF | § | |
| THE UNIVERSITY OF TEXAS AT | § | |
| SAN ANTONIO, RICARDO ROMO | § | |
| and GUY BAILEY | § | |
| **Defendants** | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Philip Stotter, Ph.D., Plaintiff herein, and files this his Original Petition, and in support hereof respectfully shows the court as follows:

### PARTIES

Plaintiff is a resident of Bexar County, Texas.

The Board of Regents of the University of Texas at San Antonio, sued in their official capacity, may be served with process at their offices, BOARD OF REGENTS, THE UNIVERSITY OF TEXAS SYSTEM, 201 West Seventh Street, Austin, Texas 78701.

Defendant, Ricardo Romo, sued in his official and individual capacity, may be served with process at his place of employment, The University of Texas at San Antonio, 6900 North Loop 1604 West, San Antonio, Texas 78429.

Defendant, Guy Bailey, sued in his official and individual capacity, may be served with process at his place of employment, The University of Texas at San Antonio, 6900 North Loop 1604 West, San Antonio, Texas 78429.

## JURISDICTION and VENUE

This court has jurisdiction of Plaintiff's claims and causes of action and venue is proper in Bexar County, Texas.

## STATEMENT OF FACTS

Philip L. Stotter, Ph.D. was employed as a tenured Professor of Chemistry at the University of Texas at San Antonio, (hereafter UTSA) until he was terminated by the Board of Regents on February 14, 2002 despite a unanimous recommendation by a grievance panel that there was not good cause to terminate his tenured position as recommended by Defendant Guy Bailey and approved by Defendant Ricardo Romo.   Dr. Stotter was employed with UTSA beginning on or about 1974, and was employed at the University of Texas at Austin before that beginning on or about 1967.  Dr. Stotter earned his BA in Chemistry in 1963 from Harvard University, where he also minored in English and Philosophy. Dr. Stotter earned his MA in chemistry in 1964, and his PhD in 1968 from Columbia University.

During the 1990s, Dr. Stotter was a vital and moving force in the University's Division of Earth and Physical Sciences. Dr. Stotter personally developed a collaborative effort between UTSA and Los Alamos National Laboratory, in New Mexico, where is currently employed under contract. With University approval, Dr. Stotter spent six months at the National Laboratory on a joint appointment during 1998, and then completed a thirteen week visiting scientist summer appointment during 2000.  He was primarily responsible for the development of a summer intern program for UTSA chemistry students with Los Alamos National Laboratory, which recognized outstanding

organic chemistry students in connection with opportunities for paid research at Los Alamos National Laboratory while earning academic credits at the University.

During the mid-90's Dr. Stotter was largely responsible for the design and construction oversight of a multi-use, organic and upper-division chemistry teaching lab suite. The lab is one of the most effective chemistry teaching facilities in the Southwest, and served as a template for the design of new and renovated chemistry teaching labs at both the downtown and 1604 San Antonio campuses. He was routinely involved in soliciting grants and contract funding to support University research, and was responsible for bringing over $125,000.00 in consulting fees to the University in support of research funding during the early 1990s. During 1991, Dr. Stotter was one of 3 organizers of an international symposium honoring the Nobel Laureate chemist, Professor Derek H.R. Barton held in San Antonio in conjunction with the 1991 American Chemical Society Southwest Regional Meeting . Dr. Stotter was influential in the University's successful recruitment of 3 new Organic Chemists for the Division of Earth and Physical Sciences (hereafter EPS); and during the fall 1999 semester, chaired 3 committees at the EPS Division's request. These committees included (1) the Divisional Faculty Review Advisory Committee, which successfully recommended promotion of three chemists, and tenure for 2 of the new organic chemists; (2) the Organic Faculty Search Committee, which successfully added the third new dynamic Organic Chemist to the University faculty; and (3) an Advisory Faculty Committee, which made recommendations in connection with Dr. Thyagarajan's retirement and the announcement of his Emeritus appointment. Additionally, Dr. Stotter represented the Chemistry Graduate Studies Committee as its elected member of the Graduate Council for most of the 1990s. Dr. Stotter, was honored by a distinguished University alumnus, Dr. Tom Pressly, III, who is nationally-recognized for his work in rheumatology, when he created the

Professor Philip L. Stotter Award in Organic Chemistry and presented the University with unsolicited funds to award to outstanding students in organic chemistry during the 1998-1999 academic year. Dr. Pressly visited the University during 1999 to personally present the inaugural awards, and attributed Dr. Stotter with having left an indelible mark on him.

Issues regarding the University's sick leave policy, the use of Dr. Stotter's own sick leave and paid release time were raised by Dr. Stotter with various employees, agents, or representatives of the University during the 1980s, but remained unresolved. Despite numerous attempts on Dr. Stotter's part to resolve the dispute through the University's administrative channels, many University employees and officials with knowledge of the dispute eventually left the University's employ, and the dispute was never officially resolved. In connection with these unresolved issues a former VP for Academic Affairs, Dr. Leonard Valverde specifically instructed Dr. Stotter not submit his annual reports until the issues related to use of sick leave and paid release time were resolved during 1990 and 1991.

During January 1999, the University conducted a routine evaluation of some of the University's laboratories by its Risk Management division, including Dr. Stotter's lab. Dr. Stotter participated in the inspection and was provided a copy of the inspection report. According to the inspection, some chemicals needed relabeling, additional storage cabinets were needed, and some corrosive chemicals were possibly stored improperly. In December 1999, the University conducted a routine evaluation of the University's offices by its Risk Management division, including Dr. Stotter's office. According to the report, his office was considered an "extreme fire hazard" due to papers, trash and boxes, and needed immediate attention. Dr. Stotter was not present for this inspection, and was not requested to take any action regarding his office by the University's administration at any

time during December 1999.

A follow-up inspection of Dr. Stotter's laboratory was conducted in March 2000, but Dr. Stotter was not present for this inspection and was not provided a copy of the inspection report during March. A written communication accompanying the report was sent to Dr. Stotter via e-mail at the University, but Dr. Stotter didn't utilize the University's e-mail system and he never received the report or communication at the time. The March 2000 inspection report indicated some problems which required the University's attention, and some problems related to storage and labeling of chemicals, but there was no indication in the March 2000 inspection report or the accompanying e-mail communication that the condition of the laboratory required immediate attention, or otherwise posed any pressing health and/or safety threat.

Dr. Stotter left San Antonio for a 13-week University approved appointment at Los Alamos National Laboratory in New Mexico at the end of May 2000. While in New Mexico, Dr. Stotter communicated with his supervisor Dr. Eric Swanson and other University administration officials, including Defendant Guy Bailey, regarding a salary adjustment and included details regarding the unresolved sick leave dispute and subsequent events including notification that Dr. Stotter's failure to turn in annual reports had resulted in passed over merit raises and barred him from consideration for an equitable salary adjustment as well, despite earlier assurances to the contrary. This communication specifically referenced his earlier request for written documents regarding eligibility for salary adjustments, and specifically referenced his earlier offers to hold the University harmless for the administrative misuse of his benefits. This communication specifically accused past administrative officials of misconduct regarding these unresolved issues.

Dr. Stotter received a memorandum of appointment dated September 1, 2000, for the 2000-

2001 academic year, but he did not sign the memorandum because the ongoing dispute referenced in his 1999 memorandum of appointment was still unresolved. Even so, he undertook his teaching, administrative, and research responsibilities for the fall 2000 semester. Another follow-up inspection of Dr. Stotter's office was conducted during October 2000, and the inspector apparently notified the risk management division of a continuing problem with excessive books, papers and boxes. The Division Director, Dr. Hammond was notified 2 days later. Dr. Stotter received a memo from Dr. Hammond dated October 6, 2000 with copies of the December 1999 inspection report related to his office; a January 1999 inspection report related to his laboratory; the March 2000 memo and inspection report related to his laboratory; and an October 2000 e-mail communication related to the follow-up inspection of his office. Dr. Hammond's October 6 memo requested Dr. Stotter to correct the situation as soon as possible. After further communications regarding the situation, Dr. Hammond asked Dr. Stotter to have his office placed in an acceptable condition no later than October 18, 2000 but made no offer of assistance by the University.

Apparently, during a meeting between various University officials on or about October 30, 2000, it was decided that Dr. Stotter's laboratory now posed a hazard and needed to be closed immediately, despite that neither the January 1999 or March 2000 inspection reports referenced any immediate health or safety concerns. On October 31, 2000, Dr. Hammond wrote to Dr. Stotter and notified him that his office needed to considered non-hazardous by November 3, 2000, and requested that he address concerns regarding his laboratory immediately to avoid its closure. Dr. Hammond offered the assistance of another Professor and members of the student chemistry club to help with moving boxes from the office. Due to an apparent miscommunication regarding arrangements for moving boxes out of the office and Dr. Stotter's health and physical condition, Dr. Hammond

authorized additional time to move boxes from the office until November 10, 2000. Dr. Stotter was advised that if he had not comply by November 10, 2000 the University would move items to another campus location. Arrangements were made for chemistry club students to help move boxes from the office, but again there were miscommunications and efforts to clear out Dr. Stotter's office were again delayed. By this time, the fall semester was almost over and Dr. Stotter received no further communications regarding the condition of his office or his lab, until he received a letter from Dr. Hammond dated January 2, 2001.

The January 2, 2001 letter set out some of the facts related to the previous inspections and communications regarding Dr. Stotter's office and lab, but was incorrect and incomplete in several respects. According to the letter, the University would begin packing boxes in his office on January 8, 2001 and invited him to attend. It also stated that his lab had been closed and that the University intended to identify unmarked or unknown chemicals and correct storage and safety problems in the lab and invited his participation in that effort. The letter also advised that since Dr. Stotter had not followed his earlier directives, he was forwarding the matter to University officials for consideration of disciplinary action. With this letter, Dr. Stotter received another letter from Dr. Hammond also dated January 2, 2001 which explained that the other letter had come from the Provost's (Defendant Bailey) office, and that the matter was out of his hands.

Dr. Stotter responded to Dr. Hammond, and copied the University President, Defendant Ricardo Romo; the Provost and VP for Academic Affairs, Defendant Guy Bailey and others and detailed his efforts during December 2000 to address problems with the office and the lab, explaining that he had met with a safety officer in his lab during December 2000 when another safety inspection was conducted and moving and storage of chemicals was discussed. He explained that

he had arranged to have colleagues and graduate students help during the first week of January with packing and moving his office and reminded Dr. Hammond that his office had been informed of these arrangements during December 2000.

During the first week of January 2001, Dr. Stotter and some of his colleagues and graduate students packed and moved approximately 40 of an estimated 100 boxes of books, papers and journals to the University reading room.  Dr. Stotter went to the University campus on January 8, 2001 to see whether the University was still going to pack and move boxes from his office as referenced in the January 2, 2001 letter. Even though he had been invited to attend by Dr. Hammond in the January 2 letter, University police were asked to be in attendance to keep the peace.  When Dr. Stotter arrived at his office, University police were present.  He contacted Dr. Hammond regarding the condition of his office since almost half of the boxes had already been moved, because he wanted to request input from Dean Scouten regarding the continued necessity to pack and move any more materials.  Dr. Hammond left the area to try to contact Dean Scouten but the personnel in Dr. Stotter's office continued packing.  Dr. Stotter requested personnel to stop packing until Dr. Hammond returned with further instructions, but when they insisted on packing the office Dr. Stotter started for Dr. Hammond's office when University police tried to attempted to prevent Dr. Stotter from exercising his right to free speech and association by chasing him through the University offices insisting he had no right to be there or to talk with the University personnel.  Eventually, the police restrained Dr. Stotter in handcuffs and escorted him to his vehicle, with instructions to leave the campus.

Later the same day, Dr. Stotter forwarded the December 2000 inspection report for his lab to Dr. Hammond, Defendant Romo, Defendant Bailey, and others including Dean William Scouten,

which showed no serious or immediate health & safety issues or concerns, and later detailed the events and communications related to the packing of his office to these same individuals.  On January 12, 2001 Defendant Romo notified Dr. Stotter by certified mail, that Defendant Bailey's office had received numerous complaints about health & safety issues posed by his office and laboratory, and his conduct in relation to their maintenance and cleanup and suspended Dr. Stotter with pay pending an investigation.  On Friday February 23, 2001, Defendant Bailey wrote to Dr. Stotter by certified mail, advising that clean up in his lab was scheduled for Monday February 26, 2001 at 9:00 a.m.  Defendant Bailey's letter specifically advised Dr. Stotter that any personal belongings had to be picked up prior to 9:00 a.m. on Monday morning, and that any materials synthesized for use in or as a part of any ongoing project had to be identified, and that if such research materials existed, an appropriate and safe place would be provided. Dr. Stotter was advised to contact Dr. Hammond prior to February 26th so Dr. Hammond and University police could escort him to his lab, otherwise the University would assume Dr. Stotter had no personal belongings or any ongoing research projects that he was interested in preserving.

Dr. Stotter did not receive Defendant Bailey's February 23rd letter until March 1, 2001 well after the removal of literally everything of value in his lab, including equipment and chemicals that had never posed a health or safety issue in any respect. Dr. Stotter was not allowed into his lab until March 7, 2001, when he determined the extent of loss in connection with the University's "cleanup" of his lab.  On April 2, 2001 Defendant Bailey sent a written recommendation to terminate Dr. Stotter 's contract for good cause to Defendant Romo, and a copy of this letter was mailed to Dr. Stotter on April 11, 2001.

Subsequently, Defendant Romo concurred in the recommendation of Defendant Bailey, and

notified Dr. Stotter of his concurrence.  Dr. Stotter invoked grievance procedures of the University which provide for a panel of University tenured professors to hear the grievance and make a recommendation to the Board of Regents of the University regarding good cause for the recommended termination.  During the hearing, Defendant Bailey acknowledged that he had actual knowledge of allegations involving a similar situation with another faculty member, Dr. Thyagarajan, whose lab was alleged to been used for illegal purposes, and who failed to supervise students and allowed his lab to present a health and safety hazard.  However, no similar directives had been given to Dr. Thyagarajan and he was not recommended for termination.  After a lengthy hearing, the grievance panel reached a unanimous decision that there was not good cause to terminate Dr. Stotter.

Despite the unanimous recommendation of the hearing panel, the Board of Regents, with the exception of one Regent who abstained, voted to terminate Dr. Stotter's employment with the University effective February 14, 2002.  According to the University's Handbook of Operating Procedures the Board of Regents is required to provide written reasons when the hearing panel's recommendations are rejected, however no written reasons for the Board of Regent's rejection of the hearing panel's recommendation have ever been provided as required.

## CAUSES OF ACTION

Plaintiff incorporates the preceding paragraphs herein as if fully set out.

Plaintiff alleges retaliation in violation of his rights guaranteed by the Texas Constitution and the United States Constitution. After Dr. Stotter reported official misconduct by past University officials in August 2000, Defendant Bailey and Defendant Romo retaliated against him because of his report, and the stated reasons for his recommended termination were merely pretexts.

Plaintiff alleges violations of his right to equal protection of the laws guaranteed by the Texas Constitution and the United States Constitution. Dr. Stotter was treated differently than another similarly situated University professor without any rational basis for the difference in treatment. Dr. Stotter received unequal treatment with respect to his salary and benefits and his termination.

Dr. Stotter seeks a declaration pursuant to the Texas Declaratory Judgment Act that the Board of Regents did not have good cause to terminate him, and a declaration that the Board of Regents violated the University's procedures by failing to provide written reasons in rejecting the hearing panel's recommendation. Dr. Stotter seeks a declaration that his rights protected by the Texas Constitution were violated.

## RELIEF REQUESTED

Dr. Stotter requests that he recover all compensatory damages authorized at law or in equity for the claims asserted. Dr. Stotter requests that he recover all equitable remedies authorized for the claims asserted. Dr. Stotter requests that he recover his reasonable and necessary attorney fees as damages. Dr. Stotter further requests attorney fees, costs of court, pre-judgment and post-judgment interest, and all other relief to which he may show himself justly entitled, at law or in equity.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues.

Signed this the 13 day of February, 2004.

Respectfully submitted,

LAW OFFICE OF REGINA BACON CRISWELL
Carriage Place
P.O. Box 1399
Helotes, Texas 78023-1399
(210) 543-8940
(210) 543-9489 (facsimile)

BY: _____
REGINA BACON CRISWELL
State Bar No. 01496580

ATTORNEY FOR PLAINTIFF

NO. 2004-CI-02295

| | |
|---|---|
| PHILIP L. STOTTER, PH.D. | § |
| *Plaintiff,* | § |
| | § |
| | § |
| v. | § |
| | § |
| THE BOARD OF REGENTS OF THE | § |
| UNIVERSITY OF TEXAS AT SAN | § |
| ANTONIO, RICARDO COMO, | § |
| AND GUY BAILEY, | § |
| *Defendants.* | |

IN THE DISTRICT COURT OF

BEXAR COUNTY, TEXAS

45TH JUDICIAL DISTRICT

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendants The Board of Regents of the University of Texas at San Antonio, Ricardo Como, and Guy Bailey (hereinafter "Defendants"), by and through their attorney of record, Greg Abbott, Attorney General of Texas, and the undersigned Assistant Attorney General, and files their Original Answer and Affirmative Defenses to Plaintiff's Original Petition, and would respectfully show the following:

### GENERAL DENIAL

Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure to the allegations contained in Plaintiff's Original Petition, and hereby demand that Plaintiff proves such allegations by a preponderance of the credible evidence as required by law.

### AFFIRMATIVE DEFENSES

Pleading further, Defendants assert that they are entitled to the following affirmative defenses:

1.    Defendant The Board of Regents of UTSA asserts Eleventh Amendment immunity to all Stotter's federal law claims asserted against it.

2.    Defendant The Board of Regents of UTSA asserts sovereign immunity to all Stotter's state law claims asserted against it.

3.    The individual Defendants assert Eleventh Amendment immunity to all Stotter's federal law claims asserted against them in their official capacities.

4.    The individual Defendants assert qualified immunity to all Stotter's federal claims asserted against them in their individual capacity.

5.    The individual Defendants assert the defense of sovereign immunity as to all Stotter's claims against them in their official capacity.  Likewise, any claims for damages against Defendants in their official capacities are barred by the doctrine of sovereign immunity.

6.    The individual Defendants assert official immunity as to all Stotter's state law claims asserted against them in their individual capacity.

7.    Defendants assert the applicable statute of limitations to Stotter's claim made outside the limitations period.

8.    Defendants assert that their employment actions with regard to Stotter were taken based solely on information, observation, or evidence, and would have been taken even in the absence of his allegations of retaliation.

9.    Defendants assert the limitations of liability of Tex. Prac. & Rem. Code § 108.002.

10.    Defendants assert that Stotter has not demonstrated that he is entitled to declaratory relief.

11.     Defendants assert that Stotter has failed to mitigate his damages, if any.

12.     Defendants assert the right to raise additional defenses that become apparent throughout the factual development of the case.

## PRAYER

Defendants pray that Plaintiff take nothing by reason of his suit and that all court costs be taxed and adjudged against him.  Defendants further pray for such other relief, both general and special, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE
Chief, General Litigation Division

PETER B. PLOTTS III
Texas Bar No. 16074100
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120; FAX:  (512) 320-0667

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via U.S. Certified Mail, Return Receipt Requested, on the __23rd__ day of April, 2004, on:

Regina B. Criswell
P. O. Box 1399
Helotes, TX 78023-1399

PETER B. PLOTTS
Assistant Attorney General

NO. 2004-CI-02295

| | | |
|---|---|---|
| PHILIP L. STOTTER, PH.D., | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| THE BOARD OF REGENTS OF THE UNIVERSITY | § | |
| OF TEXAS AT SAN ANTONIO, RICARDO COMO, | § | |
| and GUY BAILEY, | § | 45TH JUDICIAL DISTRICT |
| | § | |
| *Defendants.* | § | |

## NOTICE OF FILING OF REMOVAL

**TO:   Margaret G. Montemayor, Bexar County District Clerk, San Antonio, Texas**

Pursuant to 28 U.S.C. § 1446(d), you are hereby given notice that on April 30, 2004,

Defendants, The Board of Regents of The University of Texas at San Antonio, Ricardo

Como, and Guy Bailey, filed their Notice of Removal in the United States District Court for

the Western District of Texas, San Antonio Division, thereby removing this cause to the

United States District Court.  A copy of that Notice is attached hereto and incorporated

herein for all purposes.  This Court is respectfully requested to proceed no further in this

action, unless and until such time as the action may be remanded by order of the United

States District Court.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE
Chief, General Litigation Division


_____
PETER B. PLOTTS III
Texas Bar No. 16074100
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120; FAX: (512) 320-0667

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served

via U.S. Certified Mail, Return Receipt Requested, on the 29th day of April, 2004, on:

Regina B. Criswell
P. O. Box 1399
Helotes, TX 78023-1399


_____
PETER B. PLOTTS
Assistant Attorney General

Page 2 of 2